IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ, JR. | § | |
| | § | |
| VS. | § | C.A. NO. C-05-329 |
| | § | |
| DISTRICT ATTORNEY'S OFFICE | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS ACTION WITHOUT PREJUDICE

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to retain counsel and amend his complaint or for dismissal without prejudice is pending. (D.E. 6). Additionally, plaintiff's motion for extension of time is also pending. (D.E. 7).

## FACTUAL BACKGROUND

On June 27, 2005, plaintiff wrote a lengthy letter to the clerk's office complaining about the Nueces County District Attorney's Office as well as a myriad of actions stemming from a state conviction. (D.E. 1). Because the first sentence of the first page of the letter states "I'd like to file this complaint...," the clerk's office docketed it as an inmate civil rights action. Id. at 1.

Apparently, plaintiff's letter was not intended to initiate a federal civil rights action. Indeed, he subsequently explained that "[t]he Plaintiff stated specifically through letter to the Honorable U.S. Clerk that plaintiff was not seeking relief

through the court just yet.  The Civil Action No. C-05- 329 took plaintiff by surprise."  (D.E. 6 at 1); see also (D.E. 7) ("The Plaintiff was seeking assistance through the U.S. Attorney, and was taken by surprise.").

Furthermore, it appears that the underlying state criminal conviction is still on appeal: "The Civil Action C-05-329 is still on State Appeal, and respectfully ask the pardon of the court for the Plaintiff's ignorance, Just until his State remedies are exhausted."  (D.E. 7).  For this reason, and his desire to retain counsel, plaintiff seeks the dismissal of his complaint without prejudice.  (D.E. 6, at 2).

## DISCUSSION

As the Fifth Circuit has explained, "Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party."  Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1274 (5th Cir. 1990) (per curiam) (citation omitted). The possibility of a second lawsuit is insufficient to establish prejudice to a defendant.  See Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990) (citation omitted).  When a plaintiff seeks voluntary dismissal at the late stages of the litigation after a defendant has expended significant time and resources, dismissal without prejudice may be inappropriate. See Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991) (citations omitted).

Here, an order for service of process has not even been issued in this case. As a result, any defendants are not even aware of this action. There does not appear to be any prejudice to any defendants by granting plaintiff's motion for a dismissal without prejudice.

## RECOMMENDATION

It is respectfully recommended that plaintiff's motion for a dismissal of this action without prejudice, (D.E. 6), be granted. It is further recommended that plaintiff's motion for extension of time, (D.E. 7), and plaintiff's motion to retain counsel and amend the complaint, (D.E. 6), be denied as moot.

Respectfully submitted this 26th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).